## Commonwealth v. Griffith.

(Decided June 6, 1912.)

### Appeal from Marshall Circuit Court.

Appeals—An Appeal by the Commonwealth in a case of felony cannot be placed on the docket for that term, when the transcript is filed during the term.

JAMES GARNETT, Attorney General, CHAS. H. MORRIS, Assistant Attorney General for Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Overruling Motion.

Lucy Griffith was indicted in the Marshall Circuit Court for murder, and on a trial of the case the jury failed to agree. The Commonwealth has prosecuted an appeal on the ground that there were errors to the prejudice of the Commonwealth in the rulings of the circuit court on the trial. The clerk of this court declining to place the appeal on the docket of this term, a rule has been asked against the clerk requiring him to do so, and the Commonwealth has also entered a motion that if the court determines that it is not entitled to a rule against the clerk, the case shall be ordered advanced and placed on the docket for the reason that there is about to be another trial of the prosecution in the circuit court, and it is important for the Commonwealth that the law of the case shall be settled by this court before that trial is had, in order that the case may be tried upon its merits.

The Criminal Code contains the following provisions:

''Appeals in criminal cases shall take precedence over all other business of the court, and be placed first upon the docket for trial.

"They shall stand for trial at the first term succeeding the lodging of the transcript in the clerk's office of the Court of Appeals, provided it be so lodged ten days before the commencement of the term.

"When an appeal by the defendant in a case of felony is lodged within ten days before the commencement of the term, or during the term, it shall stand for trial on the tenth day after it is so lodged." (Sections 357-8-9.)

It will be observed that when the defendant appeals in a case of felony, and the transcript is filed during the term, the case shall stand for trial on the 10th day after it is so lodged, but that all other cases stand for trial at the first term succeeding the lodging of the transcript in the clerk's office of the Court of Appeals, provided it is so lodged ten days before the commencement of the term. As the transcript in the case before us was not lodged ten days before the commencement of the term, the clerk properly refused to place it upon the docket, and the motion for a rule against the clerk is overruled.

By section 949, Kentucky Statutes, power is vested in this court to "make rules consistent with law for the government of its proceedings." Under this provision it has been held that the court is without power to provide by rule that a case shall stand for trial before the time fixed by the statute. Sweeney v. Coulter, 22 R., 399; Meacham v. Democratic Committee, 24 R., 1340.

At the last session of the General Assembly an act was passed amending the Civil Code, giving this court power to advance civil cases, and place them on the docket, before they would stand for trial under the statute, but that amendment does not include criminal cases. We are, therefore, without power to direct the case placed upon the docket, although it would seem greatly to the interest of the Commonwealth to have the matters complained of determined before a second trial of the case.

Motion overruled.